# EXHIBIT 1

# PRAECIPE FOR WRIT OF SUMMONS

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| **Robin Carter** | ) | CIVIL DIVISION |
| ▮▮▮▮▮▮▮▮▮ | ) | |
| | ) | Docket #: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **PRAECIPE FOR WRIT OF SUMMONS** |
| **UPMC Presbyterian Shadyside d/b/a** | ) | |
| **UPMC Shadyside**, | ) | |
| 200 Lothrop Street | ) | |
| Pittsburgh, PA 15213 | ) | Filed on behalf of:  Plaintiff. |
| | ) | |
| Defendant. | ) | COUNSEL OF RECORD FOR THIS |
| | ) | PARTY: |
| | ) | |
| | ) | David M. Kobylinski, Esquire |
| | ) | Pa. ID No.:  92233 |
| | ) | |
| | ) | Peter T. Kobylinski, Esquire |
| | | Pa. ID No.:  309832 |

PRAETORIAN LAW GROUP, LLC
515 Court Place, Ste 4
Pittsburgh, PA  15219
(412) 281-6600

1

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

**Robin Carter**,                                    )
                                                     )   CIVIL DIVISION
        Plaintiff,                                   )
                                                     )   Docket #:
                v.                                   )
                                                     )
**UPMC Presbyterian Shadyside d/b/a**                )   **JURY TRIAL DEMANDED**
**UPMC Shadyside**,                                  )
                                                     )
        Defendant.                                   )
                                                     )
                                                     )
                                                     )
                                                     )

## PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONOTARY:

Kindly issue a writ of summons in the above-captioned against matter for Defendant

UPMC Presbyterian Shadyside d/b/a UPMC Shadyside.

Papers may be served at the address set forth.


Respectfully submitted,

**PRAETORIAN LAW GROUP, LLC**


_____/s/ David M. Kobylinski_____
Peter T. Kobylinski, Esquire

*Counsel for Plaintiff*

Dated:  June 13, 2019

2

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:

_____/s/ David M. Kobylinski_____
David M. Kobylinski, Esquire (PA ID # 92233)\

June 13, 2019

3

# SHERIFF RETURN

# Sheriff Return

**Case No:** *GD-19-008599*

**Casie Description:** *Carter vs UPMC Presbyterian Shadyside*

**Defendant:** *UPMC Presbyterian Shadyside*

**Service Address:** *200 Lothrop Street Pittsburgh, PA 4 15213 Allegheny*

**Writ Description:** *Writ of Summons*

**Issue Date:** *06/13/2019 02:46 PM*

**Service Status:** *Served - Adult Agent or person in charge of Defendant(s) office or usual place of business*

**Served Upon:** *UPMC PRESBYTERIAN SHADYSIDE*

**Served By:** *DGIEGERICH*

**Served On:** *07/08/2019 10:45 AM*

**Service Method:** *Person In Charge*

# PRAECIPE FOR ENTRY OF APPEARANCE

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

ROBIN CARTER,

     Plaintiff,

v.

UPMC PRESBYTERIAN SHADYSIDE, d/b/a
UPMC SHADYSIDE,

     Defendant.

CIVIL DIVISION

Case No.: GD-19-008599

**PRAECIPE FOR ENTRY OF
APPEARANCE**

Filed on Behalf of Defendant:

UPMC Presbyterian Shadyside, d/b/a UPMC
Shadyside

Counsel of Record for this Party:

Karen Baillie, Esquire
PA I.D. No. 66780

SCHNADER HARRISON SEGAL & LEWIS LLP
Fifth Avenue Place, Suite 2700
120 Fifth Avenue
Pittsburgh, PA 15222
Telephone:  (412) 577-5118
Fax:  (412) 765-3858
E-mail:  kbaillie@schnader.com

**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| ROBIN CARTER, | ) | |
| | ) | CIVIL DIVISION |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  GD-19-008599 |
| | ) | |
| UPMC PRESBYTERIAN SHADYSIDE, d/b/a | ) | |
| UPMC SHADYSIDE, | ) | |
| | ) | |
| Defendant. | ) | |

## PRAECIPE FOR APPEARANCE

TO:  Allegheny County Department of Court Records

Kindly enter the appearance of Karen Baillie, Esquire and the law firm of Schnader Harrison Segal & Lewis LLP on behalf of the Defendants, UPMC Presbyterian Shadyside, d/b/a UPMC Shadyside.

Respectfully submitted,

SCHNADER HARRISON SEGAL & LEWIS LLP

By:     /s/ *Karen Baillie*
        Karen Baillie, Esquire
        PA I.D. No.: 66780

        Fifth Avenue Place, Suite 2700
        120 Fifth Avenue
        Pittsburgh, PA 15222
        Telephone:  (412) 577-5118
        Fax:  (412) 765-3858
        E-mail:  kbaillie@schnader.com

2

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

SCHNADER HARRISON SEGAL & LEWIS LLP

By:  /s/ *Karen Baillie*
      Karen Baillie, Esquire
      PA I.D. No.: 66780

      Fifth Avenue Place, Suite 2700
      120 Fifth Avenue
      Pittsburgh, PA 15222
      Telephone:  (412) 577-5118
      Fax:  (412) 765-3858
      E-mail:  kbaillie@schnader.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of July, 2019, a true and correct copy of the foregoing **PRAECIPE FOR APPEARANCE** was served upon the following, via Electronic Mail and U.S. First-Class Mail, postage prepaid:

David M. Kobylinski, Esquire
Peter T. Kobylinski, Esquire
Praetorian Law Group, LLC
515 Court Place, Suite 4
Pittsburgh, PA  15219
*Counsel for Plaintiff, Robin Carter*

/s/ *Karen Baillie*
Karen Baillie, Esquire
PA I.D. No.: 66780

# COMPLAINT IN CIVIL ACTION

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **Robin Carter** ▮▮▮▮▮▮▮▮ | ) ) ) ) **CIVIL DIVISION** |
| Plaintiff, | ) ) **CASE NO.: GD-19-008599** ) |
| v. | ) ) **Code 009 – Trespass - Other** |
| **UPMC PRESBYTERIAN SHADYSIDE,** d/b/a **UPMC SHADYSIDE** 200 Lothrop Street Pittsburgh, PA 15213 | ) ) ) ) **COMPLAINT IN CIVIL ACTION** |
| Defendant. | ) ) **JURY TRIAL DEMANDED** ) |

Filed on behalf of:

Plaintiff

COUNSEL OF RECORD FOR THIS PARTY:

David M. Kobylinski, Esquire
Pa. ID No.: 92233

Peter T. Kobylinski, Esquire
Pa. ID No.: 309832

PRAETORIAN LAW GROUP, LLC
515 Court Place, Ste 4
Pittsburgh, PA 15219
(412) 281-6600

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **Robin Carter** ) | |
| ) | CIVIL DIVISION |
| Plaintiff, ) | |
| ) | CASE NO.:  GD-19-008599 |
| v. ) | |
| ) | |
| **UPMC PRESBYTERIAN SHADYSIDE,** ) | |
| d/b/a **UPMC SHADYSIDE** ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

## <u>NOTICE TO DEFEND</u>

You have been sued in Court.  If you wish to defend against the claims set forth in the following

pages, you must take action within twenty (20) days after this Complaint and Notice are served,

by entering a written appearance personally or by attorney and filing in writing with the Court

your defenses or objections to the claims set forth against you.  You are warned that if you fail to

do so the case may proceed without you and a judgment may be entered against you by the Court

without further notice for any money claimed in the Complaint or for any other claim or relief

requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO A LAWYER AT ONCE.  IF YOU DO NOT HAVE A

LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET

FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA  15219
(412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **Robin Carter** ) | CIVIL DIVISION |
| Plaintiff, ) | |
| ) | CASE NO.:  GD-19-008599 |
| v. ) | |
| ) | |
| **UPMC PRESBYTERIAN SHADYSIDE,** ) | |
| d/b/a **UPMC SHADYSIDE** ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

## COMPLAINT

AND NOW come plaintiff Robin Carter, through counsel, who aver as follows:

### THE PARTIES

1.     Plaintiff Robin Carter is an adult individual and resides at ███████████ ███████████

2.     Defendant UPMC Presbyterian Hospital d/b/a UPMC Shadyside (hereinafter "UPMC") is a corporation established in Pennsylvania and conducts its general business operations at 200 Lothrop Street, Pittsburgh, PA 15213.

3.     Pursuant to Pa. R.C.P. 1006 & 2179, venue is appropriate in Allegheny County because Defendant conducts business herein on a regular and continuing basis.

### ADMINSTRATIVE PREREQUISITIES

4.     Plaintiff timely filed a Complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging unlawful discrimination on account of her disability. Plaintiff dual filed her Complaint of discrimination with the Pennsylvania Human Relations Commission (hereinafter "PHRC").

5.      Plaintiff has received a Right to Sue letter from the EEOC and commenced this action within the 90 day deadline set forth by that letter.

## STATEMENT OF THE FACTS

6.      Plaintiff was born on September 26, 1957 as was approximately 60 years of age at the time she was terminated from her employment with Defendant.

7.      Plaintiff was hired by UPMC on February 10, 2013 as a health unit coordinator.

8.      Plaintiff was a United States Army Veteran at the time she was hired by Defendant.

9.      During her employment, Plaintiff was routinely subjected to discrimination on the basis of her age and known disabilities.

10.     On or around August 2017, Plaintiff's manager called her into his office and inquired about her age, made an off-handed comment and asked her when she was going to retire.

11.     Plaintiff believes and therefore avers that her manage was attempting to intimidate her and asserting pressure upon her to retire or leave her employment with defendant.

12.     Plaintiff further suffered from serious medical conditions that affected her lower back and right knee, which began in 2016.

13.     Plaintiff showed her manager her knee as it would swell and it caused her difficulty in walking and even caused her pain while sitting.

14.     At times, Plaintiff's knee condition worsened to the point where she was unable to get out of bed, walk or use stairs.

15.     Plaintiff applied for FMLA leave as she missed work when she was unable to get out of bed or walk from her house due to her knee pain.

16.     Plaintiff's knee condition required surgical invention of a total knee replacement on January 6, 2017 for unilateral primary osteoarthritis.

17.     In spite of the serious of her medical condition, Defendant denied her request for FMLA leave either by failing to approve the leave and/or by disciplining her for using the same.

18.     As a result of her medical condition, Plaintiff's physicians' provided her with medical restrictions due to her knee and lower back conditions.

19.      Defendant failed to accept these restrictions or provide her with a reasonable accommodation for her serious health condition.

20.     Defendant proceeded to give Plaintiff written disciplinary warnings for absences and tardiness that were caused by Plaintiff's medical conditions.

21.     On October 2, 2017, Defendant terminated Plaintiff from her job.

22.     Defendant stated that Plaintiff's rationale for termination was for violating the attendance and tardiness policies.

23.     Several of the dates that were used as a basis to terminate Plaintiff were either excused by a doctor as the absence related to her knee condition and/or should have been covered by FMLA leave.

24.     Plaintiff believes and therefore avers that Defendant targeted her for using and/or attempting to use FMLA leave for a serious health condition.

25.     Plaintiff believes and therefor avers that Defendant discriminated against her on the basis of her known disability and her requests for a reasonable accommodation.

26.     Plaintiff further believes and therefore avers that Defendant terminated her on the basis of her age.

27.     Upon information and belief, Plaintiff avers that after her termination Defendant hired an individual under the age of forty (40) to replace her.

28.     Plaintiff believes and therefore avers that she was terminated as a result of requesting a reasonable accommodation and because she suffered from a known disability, requested/used FMLA and her age.

29.     Plaintiff believes and therefore avers that Defendants' proffered reasons for her termination are pretextual and the actual motivation was based upon discriminatory motives.

30.     If Plaintiff had been provided her requested reasonable accommodation, Plaintiff would have been able to perform her job duties to the full extent required and expected by Defendant.

## INJURIES AND DAMAGES

31.     As a direct and proximate result of Defendant's discriminatory practices and termination, Plaintiff suffered from the following injuries and damages:

a.   Plaintiff lost income, employment benefits and her financial security;

b.   Plaintiff suffered damage to her reputation;

c.   Plaintiff suffered further aggravation to her existing medical conditions due to the loss of her health insurance and inability to purchase necessary medicine;

d.   Plaintiff suffered severe heart conditions, aggravation to her PTSD and anxiety;

e.   Plaintiff developed, suffered and continues to suffer from embarrassment, shame and emotional distress;

f.   Plaintiff suffered and continues to suffer from a diminution in enjoyment of her life;

g. Plaintiff's ability to earn wages has been diminished and continues to be diminished; and

h. Attorneys' fees and costs.

## COUNT ONE

## RETALIATION UNDER THE ADA

32.     The prior paragraphs of this Complaint are incorporated herein by reference.

33.     Plaintiff suffered from a recognized disability that affected her ability to perform her employment duties without reasonable accommodation.

34.     Defendant retaliated against Plaintiff, because she exercised her right to equal treatment under the law by reporting her serious disability to Defendant and requesting reasonable accommodations for the same. Such retaliatory conduct is a violation of said anti retaliatory provisions of ADA.

35.     Said retaliation included affecting Plaintiff's ability to perform her assigned tasks by, unwarranted harassment, disability discrimination, and discharge.

36.     Plaintiff suffered intentional discrimination and retaliation because of her disability and effort to protect her rights under the Americans with Disabilities Act.

37.     As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

38.     Because the retaliatory treatment of Plaintiff by Defendant was willful or in reckless disregard of Plaintiff's civil rights the Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendant and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

a.   The entry of declaratory judgment finding that the acts complained of herein are unlawful and violate Americans with Disabilities Act.

b.   The entry of a permanent injunction prohibiting Defendants from retaliating against employees on the basis of disability.

c.   The immediate assignment of Plaintiff to such position as she would now be occupying but for the discriminatory acts of Defendants as well as the foreclosure of promotional opportunities.

d.   The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendants as well as the foreclosure of promotional opportunities.

e.   The award of any pre-judgment interest on any back pay.

f.   The award of compensatory damages.

g.   The award of punitive damages.

h.   The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

i.   The award of such other relief as may be just and proper.

## COUNT TWO

## DISABILITY DISCRIMINATION UNDER ADA

39.   The prior paragraphs of this Complaint are incorporated herein by reference.

40.   Plaintiff was a "qualified individual with a disability" as that term is defined in the ADA (42 U.S.C §12111 *et seq.*).

41.   With reasonable accommodation Plaintiff could perform the essential functions of the position of patient care coordinator.

42.   Defendant by their conduct, have engaged in unlawful employment practices in violation of the Americans with Disabilities Act 42 U.S.C. §§12111 *et seq*.

43.   These practices include refusing to provide Plaintiff with reasonable accommodation, harassment, and discharging Plaintiff from her employment.

44.   It is believed and therefore averred that these unlawful practices were intentional on the part of Defendant.

45.     It is believed and therefore averred that Defendant intentionally discriminated against Plaintiff because of her seeking protection under the Americans with Disabilities Act and requesting reasonable accommodation.

46.     These unlawful practices were committed by the Defendant to deprive Plaintiff of her rights under the United States Constitution and the laws of the United States and the Commonwealth of Pennsylvania.

47.     These practices have caused Plaintiff to suffer damages and have deprived Plaintiff of equal employment opportunities and have otherwise adversely affected Plaintiff because of her disability.

48.     As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

49.     Because the discriminatory treatment of Plaintiff by Defendant was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendant and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

a.     The entry of a declaratory judgment finding that acts complained of herein are unlawful and violate The Americans with Disabilities Act as amended.

b.     The entry of a permanent injunction enjoining Defendants from engaging in each of the unlawful acts, practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law so that Defendants no longer discriminate on the basis of disability.

c.     The immediate assignment of Plaintiff to such position as she would now be occupying but for the discriminatory acts of Defendants as well as the foreclosure of promotional opportunities.

d.     The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

e.     The award of punitive damages.

f.     The award of such other relief as may be just and proper.

## COUNT THREE

## VIOLATION OF REHABILITATION ACT

50.     The prior paragraphs of this Complaint are incorporated herein by reference.

51.     Section 504 of the Rehabilitation Act of 1973, prohibits discrimination on the basis of disability in federally funded programs or activities, stating: "No otherwise qualified individual with a disability in the United States shall, solely by reason of this or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." (29 U.S.C. §794(a).

52.     Defendant operates and continues to operate by and through the receipt of federal financial assistance.

53.     Plaintiff is a disabled individual and/or "handicapped individual" under the Rehabilitation Act of 1973.

54.     Plaintiff is otherwise qualified for the position of health unit coordinator.

55.     It is believed that Plaintiff was excluded from her position and terminated by reason of her handicap.

56.     It is believed that the Defendant receives federal financial assistance.

57.     As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

58.     Because the discriminatory treatment of Plaintiff by Defendant was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendant and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

a.   The entry of a declaratory judgment finding that acts complained of herein are unlawful and violate The Rehabilitation Act as amended.

b.   The entry of a permanent injunction enjoining Defendant from engaging in each of the unlawful acts, practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law so that Defendant no longer discriminate on the basis of disability.

c.   The immediate assignment of Plaintiff to such position as she would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

d.   The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

e.   The award of punitive damages.

f.   The award of such other relief as may be just and proper.

## COUNT FOUR

## DISCRIMINATION UNDER PHRA

59.   The prior paragraphs of this complaint are incorporated herein by reference.

60.   At all times material to this complaint, Plaintiff was an "employee" of Defendant as that term is defined in the Pennsylvania Human Relations Act ("PHRA") 43 P.S. §954.

61.   At all time material to this complaint Defendant were an "employer" of Plaintiff as that term is defined in the PHRA 43 P.S. §954.  At all time material to this complaint the individual Defendants were the supervisors of Plaintiff.

62.   The acts of Defendant constitute "unlawful discriminatory practices" under 43 P.S. §955 against Plaintiff because of her disability and unlawful retaliation because of Plaintiff engaged in protected activity.

63.   As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

64.   Because the discriminatory treatment of Plaintiff by Defendant was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendant and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

a. The entry of a declaratory judgment finding that the acts complained of herein are unlawful and violate the PHRA as amended.

b. The entry of a permanent injunction enjoining defendants from engaging in each of the unlawful acts, practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law so that the Defendant no longer discriminate on the basis of race or disability.

c. The entry of a permanent injunction prohibiting Defendants from retaliating against employees attempt to exercise and protect their rights.

d. The immediate assignment of Plaintiff to such position as she would now be occupying but for the discriminatory acts of Defendants as well as the foreclosure of promotional opportunities.

e. The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendants as well as the foreclosure of promotional opportunities.

f. The award of any pre-judgment interest on any back pay.

g. The award of compensatory damages.

h. The award of punitive damages.

i. The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

j. The award of such other relief as may be just and proper.

## COUNT FIVE

## DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 AND ALL AMENDMENTS ("ADEA")

65. All preceding paragraphs are whereby incorporated herein as if set forth at length.

66. Plaintiff is a member of a protected class under the ADEA.

67. Plaintiff was born on September 26, 1957 and is 60 years of age at the time being fired from her employment.

68. Plaintiff was discrimination against because she was an "older" employee who had seniority and more experience on the job.

69.     Plaintiff was discriminated against by Defendant refusing to promote Plaintiff to a position she was qualified and more experienced for and terminating her employment because of her age.

70.     Defendant filled all positions that Plaintiff applied for and was terminated from with less qualified, less experienced and younger employees.

71.     Because the discriminatory treatment of Plaintiff by Defendant was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendant and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

a)     The entry of declaratory judgment finding that the acts complained of herein are unlawful discriminatory practices under ADEA.

b)     The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of age.

c)     The immediate assignment of Plaintiff to such position as she would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

d)     The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

e)     The award of any pre-judgment interest on any back pay.

f)     The award of compensatory damages.

g)    The award of punitive damages.

h)    The award of costs and disbursements of this action including reasonable

attorney's fees and expert fees

## COUNT SIX

## COMPENSATORY DAMAGES UNDER THE FMLA 29 U.S.C. §§ 2601-2654

72.   The prior paragraphs of this Complaint are incorporated herein by reference.

73.   Defendant qualifies as an "employer" as defined by the FMLA.

74.   Plaintiff qualifies as an "eligible employee" as defined by the FMLA.

75.   Plaintiff was and/or should have been qualified for an "entitlement to leave" as

defined by the FMLA §2612(a)(E).

76.   Defendant denied Plaintiff's request for FMLA and her entitled relief as prescribed

under the Act.

77.   Plaintiff was not provided any information concerning her application for FMLA,

retention of her position, and restoration of her position following the procedure.

78.   Defendant denied Plaintiff's request for her position to be maintained and restored in

violation of the FMLA.

79.   Defendant retaliated against Plaintiff for using leave protected under the Act.

80.   Defendant violated the FMLA and Plaintiff seeks relief against them for the same as

more fully outlined above and as permitted under §2617(a)A

**WHEREFORE,** Plaintiff prays for judgment in her favor against Defendant and an award of

damages in excess of $35,000.00 exclusive of interests and costs

**JURY TRIAL IS DEMANDED AS TO ALL COUNTS**

Respectfully submitted,

**PRAETORIAN LAW GROUP, LLC**

Peter T. Kobylinski, Esquire
PA ID No.:  309832
515 Court Place, Ste 4
Pittsburgh, PA 15219

Dated:  February8, 2021                *Attorneys for Plaintiff*

## VERIFICATION

I, Robin Carter, verify that I am Plaintiff in the foregoing Complaint and that the

statements made in foregoing papers are true and correct to best of my information, knowledge

and belief.  I understand that false statements herein are made subject to the penalties of 18

Pa.C.S. §4904 relating to unsworn falsification to authorities.


Dated: _01 / 27 / 2021_____

*Robin Carter*
_____
Robin Carter

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing papers has been sent by email and First Class U.S. Mail to the following:

Karen Baillie, Esq.
Schnader Harrison Segal & Lewis, LLP
Fifth Avenue Place, Suite 2700
120 Fifth Avenue
Pittsburgh, PA 15222

*Counsel for Defendant*

February 8, 2021

PETER T. KOBYLINSKI

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Peter T. Kobylinski, Esquire (PA ID # 309832)